IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AXEL ACEVEDO AGOSTINI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONIO LOPEZ FIGUEROA, et al.,<br><br>Defendants. | CIVIL NO. 25-1154 (CVR) |

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiffs in this case are Axel Acevedo Agostini, Marta Acevedo Colón, Ana Acevedo Pérez, Luis A. Adorno Márquez, Rafael A. Alicea Padín, Lilian Alvarez Calo, Minerva Avilés Ortega, José A. Baez Martínez, Lumaris Bermúdez Montalvo, Lourde Bloise Núnez, David Bonet González, Ana M. Camacho Sánchez, Dimary Camacho Soto, Edna Candelario Corchado, Edwin Carrillo León, Iraida Carrillo Jiménez, Wanda E. Castro López, Jannnette M. Coll Martell, Marisol Collet Estremera, Elba Y. Colón Neris, Sandra Colón Nuncci, Gloria E. Corales Alameda, Elba L. Cortés Rosario, Lydia Coss Flores, Carmen I. Cruz Colón, Elizabeth Cruz Cruz, Vanessa Cruz Rubio, Marisol Cruz Santiago, Ayra L. Cruz Valentín, Glorivee Dávila de Jesús, Yolanda Falcón Rodríguez, Irving Feliciano Rodríguez, Vanessa Flores Ríos, María D. Fontanez Delgado, Damaris Fornes Arcelay, Nereida Franco González, Rosa M. Garay Rivera, Jael García Cruz, Natividad García Leduc, Enid J. González Rivera, Norma González Vázquez, Licette Hernández Medina, Daisy Hernández Molina, Yazmín Hernández Pagán, Wanda Irizarry Bobé, Migdalia Irizarry Maldonado, Hernry Jiménez Marrero, Sonia Kuilan Almézquita,

Case 3:25-cv-01154-CVR   Document 14   Filed 08/04/25   Page 2 of 10

Axel Acevedo Agostini, et al. v. Antonio López Figueroa, et al.
Opinion and Order
Civil 25-1154 (CVR)
Page 2
_____

Myrna Laguerre Acevedo, Erick Lanzo Román, Mayra León Hernández, Debra López Castro, Marilyn López Díaz, Nilda López Negrón, Jorge López Miranda, Evelyn Lucena Olmo, Nilda Maysonet Rivera, Yanis Manso Escobar, Efraín Marcial, Rivera, Luz N. Marrero Ortiz, Miguel Martell Vélez, David Martínez Arroyo, Hilda L. Martínez Mercado, Carmen G. Martínez Ramos, Mildred Martínez Rivera, Liliam Martínez Vázquez, Ginette Matos Molina, Wanda Medina Rivera, Jorge Medina Rodríguez, Janet Méndez Cotto, Luz S. Méndez Rivera, Ruberto Mercado Cruz, Maribel Mercado Soto, Rosa N. Miranda Miranda, Rosa M. Montes Ramos, Gloria M. Muñiz Natal, Vivian Napoleón Rosado, Anabelle Nieves Maldonado, Carmen Nieves Méndez, Angel Nieves Muller, Ana Ocasio Arcel, José M. Ocasio Ortiz, Ivonne Oquendo Rivera, Miriam R. Orozco Rodríguez, Marilyn Ortiz Ayala, Medeline Ortiz Bermúdez, Amarilis Ortiz Carrasquillo, Aida Otiz Ortega, Merab Ortiz Rivera, Sonia Ortiz Torres, María M. Pagán Suárez, Luz N. Paneto Maldonado, Alicia Pérez Andujar, Eduardo Pérez Ojeda, Wanda Pérez Rosario, Lidia I. Pérez Ruiz, Sandra Quiñones Pinto, Carmen I. Quiñones Torres, Mildred Resto Ríos, Nydia Reyes Maldonado, Sonia M. Reyes Sánchez, Aracelia Reyes Vargas, Ana E. Ríos Ramos, Juan J. Rivera Ayala, Damaris Rivera Cintrón, Mariely Rivera Concepción, Janet Rivera Fonseca, Luz Rivera Morales, Maribel Rivera Nieves, Anivette Rivera Rivera, Kendra Rivera Rivera, Luz M. Rivera Rodríguez, Rosa Rodríguez Ayuso, Magaly Rodríguez Cortés, David Rodríguez Santana, Marilyn Román González, Rosa Román González, Mitzi Romero Torres, Sandra E. Rosa Guzmán, Luis Rosa Rodríguez, Ramonita Rosado Miranda, Silvia Rosado Serrano, Eduardo Ruiz Pineda, José Santiago Maldonado, Nitza Santiago Rivera, Sol E. Santiago Rivera, Kiomarice Santiago Rodríguez, Carmen L. Santos Alicea, Brenda Simonetti Cruz, Haydeé Soria Reyes, Edmee Soto Matos, Milagros

Torres Cruz, Nereida Torres Durán, Pedro Torres Ortiz, Carmen M. Torres Ríos, Lynette Valentín Román, Nivia Vázquez Ferri, Milagros Vázquez González, Aurea A. Vélez Morales, Marcos Ventura Sánchez, Angel Jiménez Maldonado, Marly Ann Ortiz Ayala, Carlos I. Figueroa Soto, Jannette Bonilla Peña, Elba Quiñones Pagán, Gladys Correa Sepúlveda, Carlos M. Robles Itier, Rosendo Millán Pabellos, and their conyugal partnerships (collectively "Plaintiffs").  Plaintiffs are a group of civilian employees from the Puerto Rico Police Department ("PRPD") who bring claims pursuant to Act 80 of August 3, 2020 ("Act 80").  Act 80 was enacted by the Puerto Rico government to provide for the early retirement of non-essential government personnel.

Co-Defendants are Antonio López Figueroa ("López), Superintendent of the PRPD, in his personal capacity, Alexis Torres Ríos, head of the Puerto Rico Department of Public Security ("Torres"), and Joahnny Mulero, in her personal capacity, head of Human Resources at the PRPD ("Mulero", collectively "Defendants").  These officials were allegedly involved in the actions complained of in the present case.

On July 24, 2025, Plaintiffs requested the dismissal without prejudice of their claims against co-Defendants López and Torres, which was later granted.  (Docket Nos. 11 and 12).  Accordingly, partial judgment was entered on July 28, 2025 dismissing without prejudice all claims brought against co-Defendants López and Torres.  (Docket No. 13).  The only claims pending before the Court are the claims against co-Defendant Mulero.

Before the Court now is Mulero's "Motion to Dismiss or, in the Alternative, to Transfer Case" ("Motion to Dismiss") (Docket No 6), and Plaintiffs' Opposition thereto (Docket No. 9).

Axel Acevedo Agostini, et al. v. Antonio López Figueroa, et al.
Opinion and Order
Civil 25-1154 (CVR)
Page 4
_____

For the reasons explained below, Mulero's Motion to Dismiss the claims filed against her is GRANTED.

**STANDARD**

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a Secretary Mayorkas with "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Erickson v. Pardus, 551 U.S. 89, 93 (2007). In order to show an entitlement to relief, however, a complaint must contain enough factual material "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, not much is required, but a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." Twombly, 550 U.S. at 555. A plaintiff is required to present allegations that nudge the claims "across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005).

# STATEMENT OF FACTS [1]

Act 80 provided for the early retirement of employees of several agencies and public corporations of the government of Puerto Rico. The law enabled qualifying non-essential employees to retire with fifty percent (50%) of their salary at their current age, instead of having to wait until age sixty-five (65) and retire with thirty-eight percent (38%) or less of their salary. After the government passed Act 80, on October 14, 2020 the Retirement Services Administration and the Office of Management and Budget issued a series of letters to employees in different agencies detailing the process for the law's implementation. The period for employees to request early retirement was extended on several occasions, the last deadline being January 22, 2021. All Plaintiffs herein allege they timely requested early retirement.

On December 20, 2021, the Financial Oversight Management Board (the "FOMB") filed an adversary proceeding against then-Governor Pedro Pierluisi and the government within the existing Title III PROMESA [2] case to halt the implementation of Act 80. (Adversary Proceeding 21-00119, the "Adversary Proceeding"). The FOMB and the government then reached certain agreements in furtherance of a settlement of the case, where the Government agreed to provide a list of proposed positions to be eliminated. If both parties agreed on the list, then the parties agreed to use their respective best efforts to implement the retirement plan within forty-five (45) days of agreement. Those positions would then ultimately be eliminated.

---

[1] All facts are derived from the Complaint. (Docket No. 1).
[2] The Puerto Rico Oversight, Management, and Economic Stability Act, 48 U.S.C. §§ 2101, *et seq*.

On March 22, 2024, the FOMB and the government reached an agreement and filed a "Final Stipulation" in the Adversary Proceeding, detailing which employees would be eligible for early retirement and which positions would be eliminated within each agency. (Docket No. 16, Exhibit 3). No objections to the Final Stipulation were filed, and it was approved by the Title III Court. The direct effect of this Final Stipulation was that Act 80 was invalidated.

Plaintiffs hoped that their request for early retirement would be honored, and proffer they requested information on many occasions as to the status of their positions from the PRPD (whether they were essential employees), but Defendants never answered said requests. Instead, Plaintiffs were not included in the Final Stipulation and were therefore unable to take early retirement.

Plaintiffs now aver that Defendants conspired to prevent them from taking early retirement and filed the present case alleging procedural due process violations, alleging they were denied an opportunity to be heard as to whether their positions were essential. Plaintiffs seek damages in tort, as a result of Defendants' injurious actions arguing that, had early retirement been granted to them, they would have received fifty percent (50%) of their salary. Instead, they will now have to wait until age sixty-five (65) to retire, and the percentage of their salary they will receive will be lower. Plaintiffs' damages are the difference in loss of income from having to wait until sixty-five (65) years of age to retire versus now, plus an amount for pain and suffering.

## ANALYSIS

Defendant Mulero avers in her Motion to Dismiss that this case must be dismissed or in the alternative, transferred. She argues that, pursuant to Rule 12(b)(6) of the Federal

Case 3:25-cv-01154-CVR   Document 14   Filed 08/04/25   Page 7 of 10

Axel Acevedo Agostini, et al. v. Antonio López Figueroa, et al.
Opinion and Order
Civil 25-1154 (CVR)
Page 7
_____

Rule of Civil Procedure, Plaintiffs have failed to state a claim upon which relief can be granted as they lack a property interest or vested right in the early retirement under Act 80. For this reason, no due process violation can lie. Mulero also posits that the allegations are devoid of any details about her personal involvement in the events complained of, including the conspiracy claims. Finally, she asserts that she is shielded by qualified immunity. In the alternative, Mulero requests the Court to abstain from exercising jurisdiction and refer the matter to the Commonwealth's Title III debt restructuring proceedings under PROMESA, because that court retained jurisdiction to resolve any dispute arising from the Final Stipulation applicable to this case.

Plaintiffs contend in opposition that their claims are based on failure to provide due process, and that the Complaint adequately states such a claim. As to qualified immunity, they argue that they were deprived of their clear due process right to early retirement and any similarly situated reasonable official would have understood those actions were wrong. Finally, regarding transferring the case, Plaintiffs claim that they are not seeking benefits or to retire pursuant to Act 80, but rather damages for pain and suffering and loss of future earnings due to Defendants' alleged violation of their rights. For this reason, they assert that transfer is unnecessary because the Final Stipulation is not relevant to their claims.

The Court agrees with Mulero that the allegations in the Complaint are insufficient to state a claim against her under Fed.R.Civ.P. 12(b)(6). The Complaint alleges that Plaintiffs requested early retirement and were never given any information as to the status of their petition, but that they "hoped" their request for early retirement would be honored. (Docket No. 1, ¶ 11). It further alleged that "[a]t some time between 2021 and

Case 3:25-cv-01154-CVR   Document 14   Filed 08/04/25   Page 8 of 10

Axel Acevedo Agostini, et al. v. Antonio López Figueroa, et al.
Opinion and Order
Civil 25-1154 (CVR)
Page 8
_____

March 22, 2024, López Figueroa and ??? conspired and decided, for reasons unknown, not to allow Plaintiffs to take early retirement." Id., at ¶ 13. Besides being wholly conclusory, this meager allegation is clearly insufficient to state any claim against Mulero, who is not even mentioned in the decision-making process that Plaintiffs allege stripped them of their due process rights. The Complaint later states, also in conclusory fashion, that the decision to deny Plaintiffs early retirement was not communicated to them and affected their property rights, that Defendants failed to give Plaintiffs a pre or post-deprivation hearing to challenge said decision, and that "the acts to deny Plaintiffs early retirement and not to inform them that they were essential employees were intentional acts by Defendants." Id. This is the extent of the allegations against Defendants throughout the Complaint.

To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Frese v. Formella, 53 F.4th 1, 5-6 (1st Cir. 2022). In this context, " '[p]lausibly' does not mean 'probably,' but 'it asks for more than a sheer possibility that a defendant has acted unlawfully.' " Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos, 145 S.Ct 1556, 1565 (2025) (quoting Iqbal, 556 U.S. at 678). And while the Court must make all reasonable inferences in Plaintiffs' favor, it cannot accept a complaint's "bald assertions" and "unsubstantiated conclusions." Fantini v. Salem State Coll., 557 F.3d 22, 26 (1st Cir. 2009).

It is true that Plaintiffs allege a due process depravation, but said allegations must contain facts pertaining to the parties responsible for the harm and the actions those parties undertook in furtherance thereof. The Complaint in this case only contains vague and conclusory allegations that Defendants somehow deprived Plaintiffs of their due

Case 3:25-cv-01154-CVR   Document 14   Filed 08/04/25   Page 9 of 10

Axel Acevedo Agostini, et al. v. Antonio López Figueroa, et al.
Opinion and Order
Civil 25-1154 (CVR)
Page 9
_____

process rights.  In fact, besides the introductory information pertaining to the position Mulero occupied, she is only mentioned once by name in the Complaint, when Plaintiffs indicate that "López Figueroa, as Superintendent of the Police Department, was its final policy maker and in conspiracy with others, including Torres Ríos and Mulero, took the decision not allow (sic) Plaintiffs to take early retirement and denying them a pre or post-deprivation hearing." (Docket No. 1, ¶ 16).  There are no details as to the alleged conspiracy, about the actions (or omissions) undertaken by Defendants to further that conspiracy, and no other facts to support these conclusory statements.  Rule 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft, 556 U.S. at 678, and this is all that the Complaint in this case contains.  Simply stating the elements of a due process claim and adding that Defendants failed to give them that process, without more, is insufficient.[3]  See González-Camacho v. Banco Popular de Puerto Rico, 318 F.Supp.3d 461, 517 (D.P.R. 2018) ("A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action.") (quoting Ocasio-Hernández v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011)).

       The Court finds that these few vague and conclusory allegations are not enough to state a viable claim against Defendant Mulero.  See Barchock v. CVS Health Corp., 886 F.3d 43, 48 (1st Cir. 2018) ("Well-pleaded facts are those that are 'non-conclusory' and 'non-speculative'"); Iqbal, 556 U.S, at 678 ("If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere

---

[3] Although the Court does not reach this issue, it questions the validity of Plaintiffs' due process challenge, insofar as they seem to have no property interest in early retirement that would give rise to such a claim.  In fact, although the Complaint categorically states that "Act 80 provided Plaintiffs with a property right to take early retirement", Plaintiffs also specifically aver that they "hoped their request for early retirement would be honored", suggesting that they were well aware that this right was not absolute and likewise had no right to any process before the alleged depravation. (Docket No. 1, ¶¶ 11, 14).

conjecture, the complaint is open to dismissal."). Additionally, because the claims against the other two (2) Defendants were already dismissed (see Docket No. 13), these scant allegations against Mulero, alone, cannot withstand scrutiny.

## CONCLUSION

In view of the foregoing, Defendant Mulero's "Motion to Dismiss or, in the Alternative, to Transfer Case" (Docket No. 6) is GRANTED.[4] Consequently, this case is DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 4th day of August 2025.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES DISTRICT JUDGE

---

[4] Since the Court dismisses the case for failure to state a claim, there is no need to reach the merits of Mulero's remaining arguments.